Filed 1/13/16  P. v. Schrubb CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Placer)

----

| | |
|---|---|
| THE PEOPLE, | C077295 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-34687) |
| v. | |
| KEVIN RAY SCHRUBB, SR., | |
| Defendant and Appellant. | |

Defendant Kevin Ray Schrubb, Sr.,[1] appeals from the trial court's orders denying his Penal Code section 1170.126[2] petition for resentencing on the ground that some of his

---

[1]  While it appears from the record that this is defendant's full name, the abstract of judgment indicates he is a "Jr."; we will direct the trial court to make this determination and prepare the amended abstract accordingly.

[2]  Undesignated statutory references are to the Penal Code.

1

current convictions were for serious or violent felonies. He contends the court erred in finding him ineligible for resentencing on three of his 19 counts and asks us to strike the unauthorized prior prison term (§ 667.5, subds. (a), (b)) and prior serious felony enhancements (§ 667, subd. (a)). We reverse the trial court's order regarding the convictions that are not serious or violent felonies, remand for additional proceedings on those convictions, and order the trial court to strike the unauthorized enhancements.

## PROCEDURAL BACKGROUND

Defendant participated in the armed robbery of a Bank of America in Loomis on March 17, 2003. (*People v. Schrubb* (Dec. 7, 2005, C048225) [nonpub. opn.].) In 2004 a jury convicted him of conspiracy to commit robbery (§ 182, subd. (a)(1)), five counts of second degree robbery (§ 211), 11 counts of assault with a semiautomatic firearm (§ 245, subd. (b)), unlawful taking or driving of a vehicle (Veh. Code, § 18051, subd. (a)), and felony evading an officer (Veh. Code, § 2800.2, subd. (a)), and sustained enhancements for personal use of a firearm (§§ 12022.53, subd. (b), 12022.5, subd. (a)(1)) and principal armed with a firearm (§ 12022, subd. (a)(1)), as well as allegations of two prior serious and violent felony convictions (§ 667, subd. (a)(1)), two strikes (§§ 667, subds. (b)-(i), 1170.12), and five prior prison terms (§ 667.5, subds. (a), (b)). (*People v. Schrubb*, *supra*, C048225.) The trial court sentenced defendant to 340 years to life in state prison.

Defendant filed a petition in August 2014 for resentencing on the conspiracy to commit robbery, unlawful taking or driving, and felony evasion counts. The trial court denied the petition, finding defendant ineligible for resentencing because some of the three strikes terms were imposed on crimes that were serious or violent felonies.

2

## DISCUSSION

### I. Resentencing on Counts Eighteen and Nineteen

Defendant was convicted of conspiracy to commit robbery with an armed principal enhancement in count one, unlawful taking or driving of a vehicle in count eighteen, and felony evading an officer in count nineteen. The trial court denied defendant's petition as to all counts because some of defendant's three strikes sentences were for serious and/or violent felonies, rendering him ineligible for resentencing under section 1170.126 as to those counts that were not serious or violent felonies.

Defendant contends the trial court's finding that he was ineligible for resentencing as to these three counts violates section 1170.126 as interpreted by the Supreme Court in *People v. Johnson* (2015) 61 Cal.4th 674 (*Johnson*). The Attorney General agrees as to all three counts.

Following the passage of Proposition 36 in 2012, a defendant, subject to exceptions not relevant here, is no longer subject to a three strikes sentence for a crime that is neither a serious nor a violent felony. (§§ 667, subd. (e)(2)(A) & (C), 1170.12, subd. (c)(2)(A) & (C); *People v. Yearwood* (2013) 213 Cal.App.4th 161, 170.) Section 1170.126 allows a person presently serving a three strikes sentence for a felony that is neither serious nor violent to petition for resentencing as a second strike offender. (§ 1170.126, subd. (a).) In *Johnson*, the Supreme Court held "that an inmate is eligible for resentencing with respect to a current offense that is neither serious nor violent despite the presence of another current offense that is serious or violent." (*Johnson*, *supra*, 61 Cal.4th at p. 695.)

Felony evasion and unlawful taking or driving of a vehicle are not serious or violent felonies. (See §§ 1192.7, subd. (c), 667.5, subd. (c).) A conviction for conspiracy to commit a serious felony is a serious felony. (§ 1192.7, subd. (c)(42).) Since robbery is

3

a serious felony (§ 1192.7, subd. (c)(19)), defendant's conspiracy conviction (count one) is also a serious felony, rendering him ineligible for resentencing on this offense.

We shall therefore reverse the trial court's orders as to counts eighteen and nineteen and remand for additional proceedings on those counts.

## II. Unauthorized Enhancements

Defendant, with the Attorney General's agreement, identifies numerous unauthorized enhancements imposed by the trial court, and asks us to strike them.[3]

The trial court designated defendant's second degree robbery conviction in count two as the principal term. It sentenced him under section 667, subdivision (e)(2)(A)(iii), which provides for a life term with a minimum term equal to the term for the underlying conviction and any applicable enhancements. The term consisted of three years for the robbery conviction, 10 years for the section 12022.53 gun enhancement, two five-year terms for the serious felony enhancements (§ 667, subd. (a)), two three-year terms for the serious felony prior prison terms (§ 667.5, subd. (a)), and three one-year terms for the remaining prior prison terms (§ 667.5, subd. (b)) for a total of 32 years to life. The trial court imposed the same term consecutively for the robberies in counts three, four, and six, and concurrently for the robbery conviction in count five. The court imposed a term of 29 years to life for the assault with a firearm counts, consisting of a middle term of six years for the base offense, four years for the section 12022.5, subdivision (a)(1) gun enhancements, two five-year terms for the serious felony enhancements, two three-year terms for the serious felony prior prison terms, and three years for the remaining three prior prison terms. The court imposed this term consecutively for the assault conviction

---

[3] While the enhancements are not the subject matter of defendant's appeal from the denial of his resentencing petition, we have the jurisdiction to correct an unauthorized sentence at any time. (*People v. Picklesimer* (2010) 48 Cal.4th 330, 338.)

4

in count twelve, imposed concurrent terms for the convictions in counts thirteen through seventeen, and stayed the term under section 654 for counts seven through eleven. Finally, the court imposed a consecutive 25-year-to-life term for felony evasion in count nineteen, and stayed the same term pursuant to section 654 for the unlawful taking or driving conviction in count eighteen and the conspiracy conviction in count one.

Imposition of the five-year serious felony enhancement in section 667, subdivision (a) precludes imposition of a prior prison term enhancement for the same prior offense. (*People v. Jones* (1993) 5 Cal.4th 1142, 1149-1150.) The same prior convictions formed the basis of the serious felony and prior serious felony prison term enhancements. Defendant correctly points out that the court committed *Jones* error in each of the counts for which it did not impose a 25-year-to-life term, counts two through seventeen. On remand, the trial court shall strike the section 667.5, subdivision (a) enhancements for those counts.

Defendant also contends the trial court erred in imposing unauthorized serious felony and serious felony prior prison term enhancements on counts one, eighteen, and nineteen. The court did not do this, having imposed 25-year-to-life terms on all three of these counts when it pronounced sentence. While the clerk's minutes reflect this error, the sentence pronounced by the court controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.) The trial court will be preparing a new abstract of judgment, which we presume will accurately reflect defendant's sentence rather than perpetuate the errors in the prior minute order.

### DISPOSITION

The trial court's order finding defendant ineligible for resentencing under section 1170.126 is reversed as to counts eighteen and nineteen and the matter is remanded for additional proceedings on defendant's petition as to those counts. The trial court is further directed to strike the section 667.5, subdivision (a) enhancements as to

counts two through seventeen. Upon completion of proceedings on defendant's petition, the trial court shall prepare an amended abstract of judgment reflecting defendant's new sentence and forward a certified copy to the Department of Corrections and Rehabilitation. Additionally, we direct the trial court to determine defendant's correct full name and to prepare the abstract of judgment accordingly.

　　　　　　　　　　　　　　　　　　　　BUTZ　　　　　　　, Acting P. J.

We concur:

　　　MAURO　　　　, J.

　　　HOCH　　　　, J.